W. Chris Wicker, Esq.
**Nevada Bar No. 1037**
Seth J. Adams, Esq.
**Nevada Bar No. 11034**
WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
(Telephone): 775-688-3000
(Fax): 775-688-3088
cwicker@woodburnandwedge.com
sadams@woodburnandwedge.com
Attorneys for Creditors,
American Nutritional Products, Inc. &
Maria Watson

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re: | Case No. BK-21-50046-btb<br>Chapter 11 |
| CENTURIA FOODS, INC., | |
| Debtor. | **OBJECTION TO CENTURIA FOODS, INC.'S CHAPTER 11 PLAN OF REORGANIZATION, DATED MARCH 13, 2021**<br><br>Hearing Date: May 11, 2021<br>Hearing Time: 2:00 p.m. |

AMERICAN NUTRITIONAL PRODUCTS, INC. ("ANPI"), and MARIA WATSON, ("Watson") by and through their counsel, Woodburn and Wedge, hereby submit their Objection to the Debtor Centuria Foods, Inc.'s ("Centuria") Chapter 11 Plan of Reorganization, Dated March 13, 2021 (the "Plan").

## I.  INTRODUCTION

1.  On February 26, 2019, ANPI and Centuria entered into an Asset Purchase Agreement (the "APA") whereby Centuria purchased assets belonging to ANPI which included, inventory, tangible property, intangible property (including intellectual property) and transferable permits.

2. Pursuant to the APA, Centuria agreed to pay ANPI the amount of $3,885,000.00 for the assets being purchased. Centuria only paid $100,000.00 at closing and was to pay the remainder over time.

3. Centuria ceased making payments on the APA and owes, with accrued interest, $3,680,000.00 to ANPI as of the petition date. See POC No. 16-1 filed in this case on March 31, 2021.

4. As acknowledged by Centuria in several of its filings, ANPI and Centuria were embroiled in civil litigation regarding Centuria's fraud claims against ANPI, and ANPI's counterclaims for breach of contract, etc. prior to the petition date (hereafter referred to as the "Litigation"). Centuria has subsequently removed the Litigation to this Court for further administration. See Notice of Removal, ECF No. 132.

5. Watson, in conjunction with the APA, entered into an employment contract with Centuria and was subsequently wrongfully terminated. Her damages are $1,250,000.00 as is reflected in her proof of claim filed March 31, 2021 (POC No. 15-1).

6. Centuria filed an Omnibus Objection to multiple claims filed in the case, including ANPI's claim and Watson's claim. See ECF No. 126. The objection is set for hearing on May 26, 2021 (ECF No. 128).

## II. OBJECTIONS TO CONFIRMATION OF THE PLAN

**i. Confirmation of the Plan is Premature Given the Pending Objections to Claims and Adversary Proceedings in this Case.**

7. As noted above, Centuria has filed objections to several claims which directly affect the composition of this case. In addition to the omnibus objection to ANPI's claim and Watson's claim, the same objection also included the claim of W&S Investments, LLC and is set for hearing on May 26, 2021. See ECF No.'s 126-128.

8. The Debtor also filed an omnibus objection to the claims of Christine Waage, Alina Hua and Chin Lin Hua (collectively referred to herein as "Hua/Waage") which is currently set for hearing on April 27, 2021. See ECF No. 84-86.

9. Additionally, Centuria has filed an Adversary Proceeding against multiple defendants/claims holders where it seeks declaratory relief and/or for avoidance regarding the parties' security interests in property, which was sold, by motion and whereby the security interests attached to the proceeds of such sale. See Adv. Pro. 21-05045-btb, Doc. 1 (Complaint); ECF No. 103 (Order Granting Motion for Sale).

10. Finally, Centuria instigated another Adversary Proceeding which seeks to remove the Litigation to the Bankruptcy Court for adjudication. See Adv. Pro 21-05056-btb, Doc. 1.

11. In short, there are a litany of unresolved matters in this case, all of which have the potential to dramatically affect the Debtor's assets and liabilities. Resolution of Centuria's claims objections and the first adversary proceeding regarding the security interests in equipment/proceeds could, potentially, result in a windfall for the bankruptcy estate (assuming Centuria prevails), or could result in a dramatically different situation.

12. Likewise, Centuria's removal of the Litigation to the Bankruptcy Court was done, in part, based upon Centuria's belief that it will prevail on its causes of action and again, come into a windfall both in terms of damages and in (allegedly) being able to offset its debts, including the millions owed to ANPI. Alternatively, the removed litigation also has the potential to drastically change the landscape of this case should the Defendants' counterclaims prevail. Of note is that neither the Debtor's schedules or the Plan and its financial projections even account for the money Centuria contractually owes ANPI. The Debtor relies upon the continued use of internet domain names and websites and licenses, permits and third-party certifications purchased from ANPI through the APA. See ECF No. 44, pg. 11.

13. Confirming Centuria's Plan at this time would be premature would require the Court to ignore the fact that the resolution of the foregoing, in either direction (for or against Centuria) would completely alter the fundamental aspects of this case. As such, confirmation at this time is not appropriate and should be denied,

or alternatively, continued until such time as the foregoing issues, and any other issues which may arise and which are equally or more dispositive, are resolved.

**ii.  The Plan May be in Violation of 11 U.S.C. §1129(a)(3) as Not Having Been Proposed in Good Faith and By Means Forbidden by Law Given Centuria's Admitted Dealing with Prohibited Substances in its Operations.**

14. The Court has, on prior occasions, noted on the record its concerns that the Debtor's operations may involve marijuana in violation of the Controlled Substances Act (the "CSA"). See, e.g., Hearing held March 2, 2021, ECF No. 78.

15. Centuria has been quick to respond to any allegations concerning Centuria's remediation efforts involving materials in excess of the CSA's 0.3% limitation. See, e.g., Motion to Sell, ECF No. 68, Fn. 1. Centuria has maintained that it is fully compliant with the CSA. Undersigned counsel maintains that his reference to materials which appear to evidence the contrary was based upon documents in his possession and his comments to that effect at the March 2nd hearing were only in response to the Court's own inquiry as to whether anyone participating in the hearing having any information concerning Centuria's involvement with marijuana.

16. Regardless, in the objection filed by Hua/Waage and the declaration and accompanying exhibits in support of such objection provide substantive proof that the Debtor is in violation of the CSA. ECF No.'s 153-154. The Hua/Waage objection shows that Centuria's remediation efforts, by its own admission, involves the intake of material which contains substances in excess of the legal limit and, in at least one instance, sent material post-petition to a customer which still exceeded the limit. ECF. No. 154, Ex. 1.

17. Given the Debtor's reliance upon and continued involvement post-petition, with substances in excess of the permissible limit of THC under the CSA, there may be no means for Centuria to modify its operations or plan such that it becomes compliant, and as such, dismissal is appropriate. *See In re CWNevada, 602 B.R. 717 (Bankr. D. Nev. 2019).*

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

18. Section 1129(a)(3) of the Bankruptcy Code indicates that a chapter 11 plan cannot be confirmed which is not proposed in good faith and which has been proposed by or relies upon any means forbidden by law. Clearly, Centuria's remediation efforts involve the intake, processing, and output or return of substances which, at the time, are in violation of the CSA and which make confirmation of its plan violative of 1129(a)(3).

19. At a bare minimum, the allegations concerning Centuria's operations, as referenced above, create another issue which makes plan confirmation entirely premature until and unless such issues are resolved in Centuria's favor. As such, plan confirmation should be denied at this time.

**iii. The Plan is Not Feasible Under 11 U.S.C. §1129(a)(11).**

20. Finally, in conjunction with the arguments contained in section (i) above as well as the financials supplied by Centuria in support of the Plan, confirmation should not occur given the tenuous, at best, future income projections of the Debtor.

21. Section 1129(11) of the Bankruptcy Code provides that subsequent liquidation or further reorganization, if inevitable based upon the realities of the Debtor's financial situation, can serve as a basis to deny confirmation. Unrealistic financial projections based upon speculative income is exactly the kind of lack of feasibility to deny a plan. *See, e.g., In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir. 1985); *In re Trans Max Techs., Inc.*, 349 B.R. 80 (Bankr. D. Nev 2006).

22. The projections relied upon by the Plan (in the exhibits thereto) are completely divorced from the reality of Centuria's historical and indeed, its current financials. The assumption that the Alkaline Water Company deal and/or the Perez Hilton deal will result in stable, ongoing income is not supported by actual sales figures and in the case of the latter, it has yet to materialize off of paper.

23. Most importantly, the Plan relies upon litigation recoveries as part of its funding. See Articles 1, 7, 10 and Exhibit 1 of/to the Plan. These litigation recoveries, as noted above, not only have not come to fruition yet and may take considerable time

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

to, but, at least in the case with the Litigation referenced above with ANPI, could result in zero recovery for the Debtor.

### III. CONCLUSION

ANPI and Watson respectfully request that the Court issue an order denying confirmation of the Plan as proposed by Centuria. Alternatively, should the Court determine that denial is not appropriate at this time, ANPI and Watson request that confirmation be continued pending the outcome of the aforementioned claims objections and adversary proceedings.

DATED this 23rd day of April, 2021.

WOODBURN AND WEDGE

By /s/ Seth J. Adams, Esq.
Seth J. Adams, Esq.
Attorney for American Nutritional
Products, Inc. & Maria Watson

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the law firm of Woodburn and Wedge, and that on the 23rd day of April, 2021, I caused the foregoing document to be delivered to the parties entitled to notice in this action by:

_____ placing a true copy thereof in a sealed, stamped envelope with the United States Postal Service at Reno, Nevada

_____ personal delivery

_____ email

\_\_\_\_X\_\_\_\_\_ electronic filing

        Matthew C. Zirzow, Esq.
        mzirzow@lzlawnv.com

        CHAPTER 11 TRUSTEE
        Brian D. Shapiro, Esq.
        brian@trusteeshapiro.com

        Richard F. Holley, Esq.
        Andrea M. Gandara, Esq.
        rholley@nevadafirm.com
        agandara@nevadafirm.com

_____ Federal Express or other overnight delivery

          /s/Seth J. Adams_____
        An Employee of Woodburn & Wedge

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000