LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

CENTURIA FOODS, INC.,

         Debtor.

Case No. 21-50046-btb
Chapter 11

Date:  June 24, 2021
Time:  10:00 a.m.

**FIRST AND FINAL FEE APPLICATION OF LARSON & ZIRZOW, LLC
AS BANKRUPTCY COUNSEL FOR THE DEBTOR FOR THE
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED**

    Centuria Foods, Inc., a Delaware corporation, as debtor and debtor in possession (the "Debtor"), submits its first and final application (the "Application") for the allowance of compensation for services rendered and the reimbursement of expenses incurred for Larson & Zirzow, LLC ("L&Z"), as its general bankruptcy counsel in its chapter 11 bankruptcy case. This Application is made and based on the points and authorities herein and the attached exhibits, the *Declaration of Matthew C. Zirzow, Esq.* filed in support of the Application, the papers and pleadings referenced herein, judicial notice of which are requested, and any argument the Court may entertain at the time of the hearing on the Application.

. . .

. . .

. . .

**Billing Summary**

| | |
|---|---:|
| Fees Requested | $89,474.00 |
| Expenses Requested | $3,058.08 |
| **Total Fees & Expenses Requested** | **$92,532.08** |
| | |
| Balance in L&Z Trust Account | $37,283.00 |
| Amount Owing After Retainer is Applied | **$55,249.08** |
| | |
| Hours Requested | 191.1 |
| Blended Hourly Rate | $468.21[1] |

**Jurisdiction and Venue**

1. On January 20, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor elected to be treated as a small business debtor under Subchapter V of chapter 11 of the Bankruptcy Code.

2. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge as to the matters at issue in this Application. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Statement of Facts**

3. On March 23, 2021, the Court entered an order [ECF No. 105] approving the Debtor's retention and employment of L&Z as its general reorganization counsel, with such retention retroactive to the Petition Date. As set forth in L&Z's retention application and related declaration, as of the Petition Date, L&Z was holding a security retainer in the sum of $37,283.00 against the potential allowance of future fees and costs for the Chapter 11 Case.

4. On March 13, 2021, the Debtor filed its *Chapter 11 Plan of Reorganization dated March 13, 2021* (the "Plan"), which the Court orally confirmed at a confirmation hearing held on May 11, 2021 (the "Confirmation Hearing"). The Debtor has since circulated a written

---

[1] Total Fees Requested of $89,474.00 divided by 191.1 Total Hours Incurred = $468.21 per hour.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

confirmation order, and that order should be entered prior to the hearing on this Application.

**Relief Requested**

5.  This Application is the first and final application for the allowance of compensation for services rendered and the reimbursement of expenses incurred by L&Z in its representation of the Debtor as general reorganization counsel in the Chapter 11 Case. This Application covers the period from the Petition Date of January 20, 2021 through and including the May 12, 2021 ("Compensation Period"), which is thus for the entire pendency of the Chapter 11 Case through the Confirmation Hearing. It is anticipated that L&Z will file a small supplement (the "Supplement") to this Application for any additional fees and costs incurred herein up to and including the Effective Date of the Plan.

6.  L&Z requests the allowance of total compensation of $89,474.00 in fees for services rendered and reimbursement of $3,058.08 for expenses incurred, for a total award of $92,532.08. L&Z's attorneys and paraprofessionals expended 191.1 in total hours of time for which compensation is sought, and thus L&Z is seeking compensation at a blended hourly rate of $468.21.

7.  **Exhibit 1** attached hereto provides a summary of professional services rendered, which summary identifies the professionals who rendered services, the total hours expended by each professional, and each professional's hourly rate.

8.  **Exhibit 2** attached hereto identifies and provides chronologically: (a) the dates on which L&Z performed the professional services for the Debtor; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performed such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. These time entries are grouped by task category and include both a summary by each professional and task code, as well as a detailed listing.

9.  **Exhibit 3** attached hereto contains a summary of actual and necessary out-of-pocket expenses incurred and paid by L&Z in its representation of the Debtor, as well as a detailed breakdown of each expense by category.

10. This Application complies with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice for the

United States District Court for the District of Nevada, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 Adopted by the Executive Office for United States Trustees*, as referenced by the *Region 17 United States Trustee Guidelines*.

**Summary of Tasks Performed**

11. <u>Petition/Schedules/Statements/First Day Motions (Task: B100)</u>. L&Z billed 56.4 hours ($25,542.00) relating to the preparation of Debtor's schedules, statement of financial affairs, maintaining the creditor matrix, preparing for and attending the initial debtor interview and the first meeting of creditors pursuant to section 341 of the Bankruptcy Code. Additional time was spent in preparing Debtor's first day motions and applications requesting immediate relief. These motions included: (i) payment of employee wages, (ii) determination of adequate payment to utilities, (iii) establish existing cash management procedures, (iv) designation of responsible person, and (v) preparation of a substantial omnibus first day declaration. Further time was spent with phone calls and email correspondence with counsel for Debtor's secured creditors regarding issues relating to the initial motions.

12. <u>Case Administration/General Bankruptcy Matters (B110)</u>. L&Z billed 6.3 hours ($2,607.00) on general administration of the Debtor's Chapter 11 Case, which included review, revisions, and filing of monthly operating reports, review and respond to correspondence received from creditors, and service and noticing issues. Time also included the drafting of a status report to the Court as required under Subchapter V of the Bankruptcy Code.

13. <u>363 Cash Collateral & 364 Financing (Task B120)</u>. L&Z billed 10.1 hours ($5,555.00) relating to cash collateral, which included various interim and final motions, stipulations, hearings, and finalization of orders.

14. <u>365 Executory Contracts & Leases (B130)</u>. L&Z billed 0.3 hours ($165.00) relating to correspondence with client and Debtor's special counsel regarding prior landlord lease and related issues.

15. <u>363 Use, Sale, or Lease Property (B150)</u>. L&Z billed 14.8 hours ($7,579.00) relating to the sale of certain equipment remaining at the Debtor's old Arrowhead facility. Time

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

was spent preparing the motion, telephone conferences and email correspondence with prospective purchasers, with Debtor's secured creditors regarding status of process and negotiations, and with the facility's counsel. Additional time was spent reviewing and responding to the oppositions filed to the motion and attending the hearing.

16. <u>L&Z Retention & Compensation (B160)</u>. L&Z billed 5.8 hours ($1,441.00) relating to the retention of L&Z, including time preparing its retention application, as well as initial preparation of the instant fee Application.

17. <u>Other Professional Retention & Compensation (B170)</u>. L&Z billed 6.8 hours ($2,288.00) relating to the employment of Debtor's special counsel, Hutchison & Steffen and Lvovich & Szucsko, as well as a fee application.

18. <u>Litigation & Contested Matters (B190)</u>. L&Z billed 15.8 hours ($8,063.00) relating to various litigation matters, including without limitation: (a) conferring with the Debtor's special litigation counsel regarding litigation involving American Nutritional Products, W&S Investments and its principals, which litigation was removed to the Bankruptcy Court; (b) commencing an adversary proceeding for declaratory relief regarding which secured parties were entitled to the proceeds resulting from the sale of the remaining equipment at the Debtor's Arrowhead Facility; and (c) reviewing and responding to correspondence with the Office of the United States Trustee relating to the legality of Debtor's operations, including research and preparation of a substantial response thereto, which was also used in conjunction with Plan confirmation.

19. <u>Sub Chapter V Plan (B200)</u>. L&Z billed 25.1 hours ($13,310.00) relating to the preparation of the Debtor's Plan, preparing ballots, and solicitation packages for service to voting creditors. Time also was spent in conferences with the Debtor to review projections and liquidation analysis for the Plan. Additional time was spent with emails and phone conferences with the Subchapter V Trustee regarding comments on Debtor's Plan, and review and revisions to the Plan to provide for its feasibility.

20. <u>Confirmation (B210)</u>. L&Z billed 21.9 hours ($11,484.00) for time relating to the confirmation of the Debtor's Plan. This time included preparing for and attending the Confirmation Hearing, the ballot summary, researching and preparing the confirmation brief and

the declaration in support of confirmation, review and consultation regarding the Plan with the Subchapter V Trustee.

21.  <u>Claims Administration & Litigation (B270)</u>.  L&Z incurred 21.4 hours ($11,440.00) on work relating to resolving claims issues with Debtor's creditors.  This time included preparing an objection to the claims of several of the Debtor's secured creditors.  Time was spent preparing the objections, conferences and email correspondence with opposing counsel attempting to negotiate a settlement, and conferences with the Debtor regarding possible resolutions.  Additional time was spent in researching the issues, attending the hearings on the objections, and attending the hearings, and conferences with the client regarding the outcome and strategies.

22.  <u>No Charge</u>.  L&Z incurred 6.4 hours ($1,408.00) for services on behalf of the Debtor that L&Z has elected not to charge in the exercise of its billing judgment.

**Legal Argument**

A.  **Standard of Decision.**

23.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed pursuant to section 327 of the Bankruptcy Code "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) of the Bankruptcy Code provides that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including the following:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

6

(E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24.  A customary review of a fee application starts with a determination of the "lodestar," by multiplying a reasonable number of hours expended by a reasonable hourly rate. Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc., 924 F.2d 955, 960 (9th Cir. 1991); In re Powerine Oil Co., 71 B.R. 767, 770 (B.A.P. 9th Cir. 1986) (quoting In re Yermakov, 718 F.2d 1465, 1471 (9th Cir. 1983)).

25.  Bankruptcy courts frequently consider the specific lodestar factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases.  The Ninth Circuit endorsed the Johnson tests in Yermakov, 718 F.2d at 1471. In In re Pacific Express, Inc., 56 B.R. 859 (Bankr. E.D. Cal. 1985), the Bankruptcy Court for the Eastern District of California stated Courts should apply the Johnson factors and then adjust the fee as necessary.  The pertinent factors to be considered in establishing fees for legal services rendered are: (a) the time and labor required, the novelty and the difficulty of the questions involved, and the skill required to perform the legal services properly; (b) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (c) the fee customarily charged for similar services; (d) the amount involved and the results obtained; (e) the time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (f) the nature and length of the professional relationship with the client; (g) the experience, reputation, and ability of the lawyers performing the services; and (h) whether the fee is fixed or contingent.  See id.; American Bar Association's Code of Professional Responsibility, Disciplinary Rule 2-106.

26.  Additionally, a bankruptcy court may examine the circumstances and manner in which services are performed and results achieved to determine a reasonable fee.  Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet), 251 B.R. 103, 108 (B.A.P.

9th Cir. 2000). Such examination includes a review of the following factors:

  (a)  Whether the services were authorized;

  (b)  Whether the services were necessary or beneficial to the administration of the estate at the time they were rendered;

  (c)  Whether the services adequately documented; and

  (d)  Whether the fees requested are reasonable, taking into consideration the factors set forth in section 330(a)(3).

Id.; see also Leichty v. Neary (In re Strand), 375 F.3d 854, 860 (9th Cir. 2004).

**B.**  **The Fees Requested for Services Rendered Should be Allowed.**

  27.  L&Z's requested professional compensation is fair and reasonable under the circumstances of this case and its representation of the Debtor. Each L&Z professional and paraprofessional brought a high level of expertise and experience which inured to the benefit of Debtor and its estate. Matthew C. Zirzow, Esq. was the attorney with L&Z who was primarily responsible for the work in this Chapter 11 Case, and he has been practicing bankruptcy law in Nevada for over 21 years, and is also Board Certified in Business Bankruptcy Law by the American Board of Certification.

  28.  The professional services performed by L&Z were necessary and appropriate to the administration of the Chapter 11 Case, and were in the best interests of the Debtor, the estate, creditors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expeditiously, thoroughly, and in an efficient manner. L&Z submits that its fees are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive legal market. L&Z also has carefully reviewed the detailed time records submitted with the Application and exercised appropriate billing judgment.

  29.  L&Z has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which L&Z is seeking compensation and reimbursement as set forth in this Application, except as permitted by section 504(b)(1) of the

8

Bankruptcy Code.

30. Accordingly, the professional fees for legal services rendered are reasonable under the circumstances of this Chapter 11 Case and therefore should be allowed.

**C.      The Expenses Requested for Costs Incurred Should be Allowed.**

31. The items for which expense reimbursement are being sought are not included in L&Z's overhead, and are not, therefore, a part of the hourly rates charged by L&Z. Most of the photocopying and scanning charges have been incurred in reproducing pleadings required to be filed and served in this case. Copies were needed promptly at the time, and/or it was not otherwise feasible for L&Z to make other photocopying arrangements. The expenses that L&Z has incurred are actual and necessary under the circumstances of this case and thus reimbursement for such expenses is appropriate and should be allowed.

**Conclusion**

WHEREFORE, L&Z requests that the Court enter an order as follows:

1. Allowing L&Z total professional compensation of $89,474.00 in fees for services rendered, and reimbursement of total expenses incurred of $3,058.08, for a total allowed amount of $92,532.08, and further finding that such fees and expenses are all reasonable, actual and necessary pursuant to 11 U.S.C. § 330 and on a final basis;

2. Authorizing L&Z to apply the funds held in its existing pre-petition retainer on hand in the amount of $37,283.00 to the partial payment of the fees and costs allowed, and with any remaining balance being paid directly by the reorganized Debtor pursuant to the terms and conditions of the confirmed Plan; and

3. Granting L&Z such other and further relief as is just and proper.

Dated: May 17, 2021.

By:   /s/ Matthew C. Zirzow
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
MATTHEW C. ZIRZOW, ESQ.
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

9