

_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
May 19, 2021

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 21-50046-btb<br>Chapter 11 |
| CENTURIA FOODS, INC., | |
| Debtor. | <u>Confirmation Hearing:</u><br>Date:  May 11, 2021<br>Time:  2:00 p.m. |

**ORDER CONFIRMING CHAPTER 11 PLAN OF**
**<u>REORGANIZATION OF CENTURIA FOODS, INC.</u>**

Centuria Foods, Inc., a Delaware corporation, as debtor and debtor-in-possession (the "<u>Debtor</u>"), under Subchapter V of Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), having filed its *Chapter 11 Plan of Reorganization Dated March 13, 2021* (as amended, the "<u>Plan</u>") [ECF Nos. 92 and 111][1]; the Court having reviewed and considered the

_____
[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Plan.

Plan, as well as all pleadings and papers submitted in support of and in objection thereto; the Court having held hearing on confirmation of the Plan (the "<u>Confirmation Hearing</u>"), with all appearances having been noted on the record; and the Court having heard and considered the arguments of counsel at the Confirmation Hearing; and the Court having made certain findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 52, as made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and good cause appearing;

**IT IS HEREBY ORDERED**:

1.    The Debtor's Plan shall be and hereby is CONFIRMED pursuant to section 1191(b) in the form as attached as **<u>Exhibit 1</u>** and incorporated within this Order, subject to the additional modifications set forth in this Order.

2.    The Plan shall be and hereby is further modified pursuant to section 1193(a) of the Bankruptcy Code to provide as follows:  (a) the Debtor shall make immediate advance payments from cash on hand to secured creditors Alina Hua, Chin Lin Hua, and Christine Waage (Classes 2-4) in partial payment of their allowed secured claims for the first three (3) months under the Plan (June-August 2021) on or before June 15, 2021; and (b) in the event the Reorganized Debtor does not have sufficient cash on hand during any specific month of the Plan's term to pay both the salary of Slavik Nenaydokh and the payments required under the Plan for that month to creditors, the Reorganized Debtor shall defer the payment of Mr. Nenaydokh's salary for that month to ensure that there is sufficient cash on hand to make the required payments to creditors under the Plan for that month.

3.    Pursuant to Article 10, ¶ 12 of the Plan, Local Rule 3022 shall not apply to the Debtor or the Plan, and thus this Chapter 11 Case will not be deemed fully administered 180 days after Plan confirmation pursuant to that Local Rule, and thus the Clerk shall not enter a final decree without further notice pursuant to that Local Rule.

**IT IS SO ORDERED.**

. . .

. . .

**LARSON & ZIRZOW, LLC**
**850 E. Bonneville Ave.**
**Las Vegas, Nevada 89101**
**Tel: (702) 382-1170  Fax: (702) 382-1169**

PREPARED AND SUBMITTED:

By:  __/s/ Matthew C. Zirzow_____
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐   The court has waived the requirement of approval under LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion.

☒   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| | |
|---|---|
| Brian Shapiro, Esq. (Subchapter V Trustee): | APPROVED |
| Jared Day (Office of the United States Trustee): | APPROVED |
| Andrea Gandara, Esq. (A. Hua, C.L. Hua, and C. Waage): | APPROVED |
| Seth Adams, Esq. (American Nutritional Products, *et al.*): | NO RESPONSE |
| Steve Harris, Esq. (W&S Investments, LLC): | NO RESPONSE |
| David Olsky, Esq. (ECS Brands, Ltd.): | NO RESPONSE |

☐   I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

*(left margin vertical text)* LARSON & ZIRZOW, LLC 850 E. Bonneville Ave. Las Vegas, Nevada 89101 Tel: (702) 382-1170  Fax: (702) 382-1169

# EXHIBIT 1

**Fill in this information to identify the case:**

Debtor name **Centuria Foods, Inc.**

United States Bankruptcy Court for the: **District of Nevada**

Case number (if known) **21-50046-btb**

☐ Check if this is an amended filing

Official Form 425A

**Plan of Reorganization for Small Business Under Chapter 11**  02/20

**CENTURIA FOODS, INC.'S CHAPTER 11 PLAN OF REORGANIZATION, Dated March 13, 2021**

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

Centuria Foods, Inc., a Delaware corporation (the "Debtor"), has a principal place of business located at 4022 Technology Way Carson City, Nevada 89706. The Debtor provides tetrahydrocannabinol ("THC") remediation, distillation, and water-soluble processing services for hemp crude oil and hemp distillate. The Debtor's customers provide it with winterized, decarboxylated crude hemp extract for remediation and/or unremediated cannabidiol ("CBD") distillate derived from hemp that have been processed in compliance with all applicable state laws and regulations. The Debtor then utilizes proprietary remediation technology to remediate THC levels in the unremediated CBD product. These remediated CBD products are then returned to customers, or their designees, for use in legal CBD-infused products. More information regarding the Debtor and its reasons for filing for chapter 11 reorganization can be found in the *Omnibus Declaration* [ECF No. 24]. The Debtor's officer and director is Slavik Nenaydokh ("Mr. Nenaydokh").

On January 20, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Code" or the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), thereby commencing its reorganization case (the "Chapter 11 Case"). The Debtor elected to be treated as a small business debtor under Subchapter V of chapter 11 of the Bankruptcy Code. The Debtor filed for bankruptcy primarily as a result of it falling behind on various loan payments owed to various lenders, which resulted in collections actions being filed, and certain of the Debtor's property threatened to be seized in payment thereof. The Debtor has continued to operate its business as a debtor in possession since the Petition Date. On January 22, 2021, Brian D. Shapiro was appointed as Subchapter V Trustee (the "Subchapter V Trustee") over the Debtor's Chapter 11 Case.

During the pendency of its Chapter 11 Case, the Debtor filed various initial emergency motions for relief, including with respect to the use of alleged cash collateral pursuant to a budget, the maintenance of its existing cash management system with its bank accounts at Bank of America, a motion to pay employee wages, a motion to continue utility services, and to designate Mr. Nenaydokh as its responsible person for the Chapter 11 Case. The Debtor also has sought approval to retain the law firm of Larson & Zirzow, LLC as its general reorganization counsel, Hutchison & Steffen as its special litigation counsel, and may seek to employ other professionals to assist it in its Chapter 11 Case as the case may require.

On March 11, 2021, the Debtor filed an omnibus objection [ECF No. 84] to the filed proofs of claim of alleged secured creditors Alina Hua, Chin Lin Hua and Christine Waage, who are listed in Classes 2-4 of the Plan, which sought to disallow certain parts of their asserted claims. The adjudication of this claim objection will impact the distributions under the Plan as explained hereinafter. Additionally, the Debtor may need to file motions to value collateral as to its alleged secured creditors, claim objections objecting to claim amounts, and/or adversary proceedings to determine the validity, priority and/or extent of its secured creditors' liens and claims.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit 1**.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as **Exhibit 2**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of a total of **$1,200,956**, in the aggregate, over the next five (5) years.

The final Plan payment is expected to be paid by **May 2026**.

The Debtor's Projections are based on recent historical operating results and anticipated future revenues.

| Debtor | Centuria Foods, Inc. | Case number (*if known*) 21-50046-btb |
|---|---|---|
| | Name | |

**Consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Centuria's long-term strategy is firmly in place with multiple significant exclusive long-term contracts. With the U.S. CBD market estimated to grow by 10 fold in the coming years, these contracts are of significant value following a federal regulatory change currently in progress with the U.S. Food & Drug Administration (the "USDA").

In addition to a stable set of loyal customers that rely on Centuria's production for their year over year revenue growth, Centuria has rolled out one of the first national USDA Organic Certified ingredients in its market, setting us apart from the majority of the competition.

Centuria's largest exclusive client is The Alkaline Water Company (NASDAQ: WTER). WTER is the first company explicitly allowed to sell CBD to consumers by NASDAQ due to Centuria's legal compliance presented to NASDAQ regulatory counsel. Alkaline is currently selling into 75,000 stores throughout the United States, including Walmart, Whole Foods, and CVS. It is the direct access to these channels that will allow for Alkaline to rapidly emerge as an industry leader within the consumer CBD space with the backbone of Centuria ingredient manufacturing.

Centuria believes that the following elements will provide the means by which it will be able to repay its creditors under the Plan:  (a) a 10 year exclusive supply rights to sell all CBD to Alkaline's CBD division and its associates; (b) Q4 2020 financial report showed over 20% year-over-year growth; (c) distribution arrangements with KeHE, UNFI, BittermentRS, and Broker C.A. Fortune.

Additionally, Perez Hilton, considered to be the third influencer on social media and currently has an entertainment media division with over 15 million viewers is launching a CBD line of consumer products next month. Centuria is funding the venture and holds an 80% share of the CBD company.

Finally, ex-CEO Michael Brubeck has stepped down from employment at Centuria pre-bankruptcy, which cost-saving measure continues to save the company in excess of $200,000 annually while continuing to retain the benefits of revenue referrals without any compensation from Centuria, such as the Perez Hilton development deal. The cost savings of having the employment costs removed, while retaining increased revenue growth supports the payments under the Plan.

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Centuria Foods, Inc.** (the *Debtor*) from cash flow from operations, future income, and potential litigation recoveries, as needed.

This Plan provides for: **1** class of priority claims;

**6** classes of secured claims;

**1** class of non-priority unsecured claims; and

**1** class of equity security holders.

Non-priority unsecured creditors holding Allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **$0.05** cents on the dollar (assuming there are $3,000,000 in allowed general unsecured claims). This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

| 2.01 | **Class 1** ............................ | All Allowed claims entitled to **Priority** under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
|---|---|---|
| 2.02 | **Class 2** ............................ | The claim of **Alina Hua**, to the extent Allowed as a secured claim under § 506 of the Code. |
| 2.03 | **Class 3** ............................ | The claim of **Chin Lin Hua**, to the extent Allowed as a secured claim under § 506 of the Code. |
| 2.04 | **Class 4** ............................ | The claim of **Christine Waage**, to the extent Allowed as a secured claim under § 506 of the Code. |
| 2.05 | **Class 5** ............................ | The claim of the **American Nutritional Products, Inc.**, to the extent Allowed as a secured claim under § 506 of the Code. |
| 2.05 | **Class 6** ............................ | The claim of the **U.S. Small Business Administration**, to the extent Allowed as a secured claim under § 506 of the Code. |

2.06   **Class 7 .............................**   The claim of any **Other Secured Claims**, to the extent Allowed as a secured claim under § 506 of the Code.  This class includes any other claim, *other than* as specified in Classes 2 through 6, that is secured by a lien on property in which the Debtor's bankruptcy estate has an interest, which lien is valid, perfected, and enforceable pursuant to applicable law or by reason of an order of the Bankruptcy Court, but only to the extent of the value of the applicable creditor's interest in the bankruptcy estate's interest in such property.  Each claim in class 7 shall be within its own separate subclass.

2.07   **Class 8 .............................**   All **Non-Priority General Unsecured Claims** Allowed under § 502 of the Code.

2.08   **Class 9 .............................**   All **Equity Interests** of the Debtor.

---

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

3.01   **Unclassified claims**   Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02   **Administrative expense claims**   Each holder of an administrative expense claim Allowed under § 503 of the Code will be paid in full, in cash, over time pursuant to § 1191(e) of the Code, any fees and costs as Allowed by the Court, as follows:  (1) any professionals holding retainers may apply such retainer funds directly to the payment of any Allowed fees and costs; (2) any remaining unpaid professional fee claims and any other administrative expense claims, including without limitation any claim for fees and costs of the Subchapter V Trustee, shall be paid their *pro rata* share of the sum of not less than **$4,000.00 per month** commencing on the 15th of the month following the allowance of their claims after the Effective Date, and continuing on the same basis by the same date on each and every month thereafter until such allowed claims are paid in full.

The deadline for filing requests for allowance of administrative expense claims shall be 30 days after the occurrence of the Effective Date (the "Administrative Claim Bar Date").  In the event any request for allowance of an administrative expense claim is not filed by the Administrative Claim Bar Date, then it shall be forever barred and unenforceable against the Debtor or Reorganized Debtor, as applicable, and any property revested in the Reorganized Debtor.

3.03   **Priority tax claims**   Each holder of a priority tax claim will be paid in full in cash in equal monthly payments of its Allowed Claim, plus interest, over a **sixty (60) month period**, with such payments commencing on the 15th of the month following the Effective Date, and continuing on the 15th of each month thereafter until paid in full.

3.04   **Statutory fees**   Not applicable pursuant to 28 U.S.C. § 1930(a)(6)(A).

3.05   **Prospective quarterly fees**   Not applicable pursuant to 28 U.S.C. § 1930(a)(6)(A).

---

**Article 4: Treatment of Claims and Interests Under the Plan**

4.01   **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 - Priority claims** excluding those in Article 3 | ☐ Impaired ☒ Unimpaired | Each holder of a Class 1 Allowed priority claim pursuant to Code § 507 (excluding the priority tax claims addressed in Article 3.03) will be paid in full, in cash, upon the later of the Effective Date of this Plan, or the date on which such claim is allowed by a final non-appealable order.  Class 1 is unimpaired and is deemed to accept the Plan. |

| | | |
|---|---|---|
| **Class 2 – Secured claim of Alina Hua** | ☒ Impaired<br>☐ Unimpaired | Each holder of a Class 2 Allowed secured claim shall retain any liens it may have securing its Allowed secured claim until that claim is paid in full, in cash, and shall be satisfied in full by the payment of **$3,461.54 per month** commencing by the 15th day of the month following the Effective Date, and continuing by the same date of each and every month thereafter until paid in full. In the event there remains any unpaid balance as of month 60 under the Plan to this holder, Debtor shall payoff such remaining balance in a "balloon" payment at that time.  Class 2 is impaired and thus is entitled to vote on the Plan. |
| **Class 3 – Secured claim of Chin Lin Hua** | ☒ Impaired<br>☐ Unimpaired | Each holder of a Class 3 Allowed secured claim shall retain any liens it may have securing its Allowed secured claim until that claim is paid in full, in cash, and shall be satisfied in full by the payment of **$4,615.38 per month** commencing by the 15th day of the month following the Effective Date, and continuing by the same date of each and every month thereafter until paid in full. In the event there remains any unpaid balance as of month 60 under the Plan to this holder, Debtor shall payoff such remaining balance in a "balloon" payment at that time.  Class 3 is impaired and thus is entitled to vote on the Plan. |
| **Class 4 – Secured claim of Christine Waage** | ☒ Impaired<br>☐ Unimpaired | Each holder of a Class 4 Allowed secured claim shall retain any liens it may have securing its Allowed secured claim until that claim is paid in full, in cash, and shall be satisfied in full by the payment of **$6,923.08 per month** commencing by the 15th day of the month following the Effective Date, and continuing by the same date of each and every month thereafter until paid in full. In the event there remains any unpaid balance as of month 60 under the Plan to this holder, Debtor shall payoff such remaining balance in a "balloon" payment at that time.  Class 4 is impaired and thus is entitled to vote on the Plan. |
| **Class 5 – Secured claim of American Nutritional Products, Inc.** | ☐ Impaired<br>☒ Unimpaired | Each holder of a Class 5 Allowed secured claim shall receive a full satisfaction of any Allowed secured claim by a surrender from the Debtor of any personal property collateral, wherever situated, to the extent such property remains in existence and owned by the Debtor as of the Petition Date, and only to the extent such property was previously sold and transferred to the Debtor by American Nutritional Products, Inc. pursuant to the Asset Purchase Agreement between those parties dated as of February 26, 2019.  Class 5 is unimpaired and thus is deemed to accept the Plan. |
| **Class 6 – Secured claim of U.S. Small Business Administration** | ☐ Impaired<br>☒ Unimpaired | Each holder of a Class 6 Allowed secured claim shall retain any liens it may have securing its Allowed secured claim until that claim is paid in full, in cash, and shall be satisfied by the continued payment in accordance with its existing pre-petition loan documents, including that certain Note dated as of June 29, 2020 (SBA Loan #6087248002), which requires payments commencing in June 2021 in the amount of **$731.00 per month**, and continuing by the same date each and every month thereafter until paid in full.  Class 6 is unimpaired and thus is deemed to accept the Plan. |
| **Class 7 – Other Secured Claims** | ☐ Impaired<br>☒ Unimpaired | Each holder of a Class 7 Allowed secured claim shall receive, on or as soon as reasonably practicable after the latest to occur of (i) the Effective Date and (ii) the date on which each such Secured Claim becomes an Allowed Claim, each holder, if any, shall receive, on account of, and in full and complete settlement, release and discharge of and in exchange for such Allowed secured claim, at the election of the Reorganized Debtor, (a) such treatment in accordance with Bankruptcy Code § 1124 as may be determined by the Bankruptcy Court; (b) payment in full, in Cash, of such Allowed secured claim; (c) satisfaction of any Allowed secured claim by delivering the collateral securing any such Claims; or (d) providing such Holder with such treatment in accordance with Bankruptcy Code § 1129(b) as may be determined by the Bankruptcy Court.  Class 7 is unimpaired and thus is not entitled to vote on the Plan. |

| Debtor | **Centuria Foods, Inc.** | Case number (*if known*) **21-50046-btb** |
|---|---|---|
| | Name | |

| **Class 8 – Non-Priority General Unsecured Creditors** | ☒ Impaired<br>☐ Unimpaired | Each holder of an Allowed general unsecured, non-priority claim shall receive its _pro rata_ **share of the total sum of $149,470.00**, which shall be paid in installments of $14,947 each starting in Month 20 after the Effective Date, and continuing each and every calendar quarter thereafter (as reflected in the Projection attached as Exhibit 3) until that total sum is paid, or such greater amount as the Court may require at the confirmation hearing on the Plan and as consistent with §§ 1190 and 1191 of the Code; _provided_, _however_, that in the event that Classes 2-4 are not paid in full on their Allowed claims by the payments set forth above as to those Classes, then the distribution to Class 8 shall be decreased by such sum, and such funds shall be used to pay Classes 2-4.  Class 8 is impaired and thus is entitled to vote on the Plan. |
|---|---|---|
| **Class 9 - Equity security holders of the Debtor** | ☐ Impaired<br>☒ Unimpaired | Except to the extent that the Holders of Class 9 Equity Interests agree to less favorable treatment, they shall retain their Equity Interests, subject to the terms and conditions of this Plan.  Class 9 is unimpaired and thus is deemed to accept the Plan. |

## Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:<br><br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
|---|---|---|
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is Allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed executory contracts and unexpired leases** | The Debtor assumes the following executory contracts and unexpired leases as of the Effective Date:<br><br>1. <u>Carson City Storage</u>:  Offsite storage facility unexpired lease<br>2. <u>Chris & Joy Lang Family Trust</u>:  Commercial office lease for 4022 Technology Dr., Carson City, NV<br>3. <u>HF Solutions, LLC</u>:  Remediation, Distillation and Water-Soluble Processing Services Agreement<br>4. <u>Slavik Nenaydokh</u>:  Indemnity Agreement dated 12/1/17<br>5. <u>The Alkaline Water Co., Inc.</u>:  Supply Agreement dated 5/31/19<br>6. <u>Mario Armando Lavandeira, Jr./Perez Hilton/Celeb Experts</u>:  Partnership and Endorsement Agreement dated 10/19/20<br><br>The Debtor asserts that **no cure claims are owing** for all of the above-listed assumed contracts and unexpired leases.  Except for executory contracts and unexpired leases that have been assumed before the Effective Date or under <u>Section 6.01(a)</u> of this Plan, or that are the subject of a pending motion to assume, Debtor will be deemed to have rejected all other executory contracts and unexpired leases as of the Effective Date.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **30** days after the date of the order confirming this Plan.<br><br>The Confirmation Order will constitute an order of the Bankruptcy Court approving the assumptions and rejections described in this <u>Section 6</u>, pursuant to section 365 of the Code, as of the Effective Date. |
|---|---|---|

| Debtor | Centuria Foods, Inc. | Case number (*if known*) | 21-50046-btb |
|---|---|---|---|
| | Name | | |

| **Article 7: Means for Implementation of the Plan** |
|---|

This Plan will be funded through cash flow generated from future operations, as well as potential recoveries generated from retained litigation claims.

| **Article 8: General Provision** |
|---|

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|

   1. Bar Date.  March 31, 2021 for all creditors, except for governmental units, which is the date by which such creditors are required to file proofs of claim with respect to pre-petition claims, except with respect to claims that were scheduled by the Debtor in its filed bankruptcy schedules as undisputed, non-contingent, and liquidated.  For governmental units, the bar date for their claims shall be July 19, 2021.

   2. Allowed.  With reference to any claim against the Debtor:  (a) any claim against the Debtor that has been listed in the Debtor's filed bankruptcy schedules, as such schedules may be amended from time to time in accordance with Fed. R. Bankr. P. 1009, as liquidated in amount, and not disputed or contingent and for which no contrary proof of claim has been filed; (b) any claim allowed (i) under the Plan, (ii) by final order of the Bankruptcy Court; or (c) as to which a proof of claim has been timely filed by the Bar Date in a liquidated amount with the Bankruptcy Court, pursuant to the Code or any order of the Bankruptcy Court, or has been filed with leave of the Bankruptcy Court after notice and a hearing, *provided that* no objection to the allowance of such claim or motion to expunge such claim has been filed by any party in interest before the deadline to object to confirmation of the Plan as may be scheduled by the Court.

| 8.02 | **Effective Date** | The effective date of this Plan (the "Effective Date") is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated. |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | Mr. Nenaydokh is intended to remain the sole officer and director of the Debtor under the Plan. |

| Debtor | Centuria Foods, Inc. | Case number (if known) 21-50046-btb |
|---|---|---|
| | Name | |

8.08 **Retention of Jurisdiction** The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case following the Effective Date for the following purposes, it being expressly intended that such retention of jurisdiction shall extend to any actions or proceedings commenced prior or subsequent to the Effective Date, whether by Debtor or the parties specified herein:  To hear and determine any objections to the allowance of Claims; To determine any and all applications for compensation for any professionals and similar fees to the extent made specifically subject to a hearing under the Plan and applicable provisions of the Bankruptcy Code; To modify the Plan or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code; To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan; To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Bankruptcy Court entered in the Chapter 11 Case; To adjudicate all Claims to a security or ownership interest in any of the Assets, or in any proceeds thereof; To determine all questions and disputes regarding recovery of and entitlement to any property of Debtor, or in any proceeds thereof; To determine issues and disputes concerning entitlement to distributions to be made under and pursuant to the Plan; To enter any order, including injunctions, necessary to enforce the title, rights and powers of Debtor's limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary or appropriate; To enter a discharge and final decree closing the Chapter 11 Case; To enforce the provisions of any Administrative Claim Bar Date; To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing its provisions.

If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter arising under, arising in or related to the Bankruptcy Case, including any of the matters set forth in the Plan, the Plan shall not prohibit or limit the exercise of jurisdiction by any other court of competent jurisdiction with respect to such matter.

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

1.  Prepayment.  The Debtor may prepay any Allowed claims under the Plan in advance and without prepayment penalty.

2.  Modified Treatment.  A holder of an Allowed claim in any Class may voluntarily agree to a less favorable treatment of its claim than is as set forth in the Plan; provided, however, that such agreement must be in writing and signed by both the Debtor and that party.

3.  Interest Rate.  Unless otherwise specified, all interest to be paid under the Plan shall be paid at the rate of five percent (5%) per annum, or such other amount as the Bankruptcy Court may order at the confirmation hearing on the Plan and consistent with the Code.

4.  Disallowance of Claims Not Allowed and Tardy Proofs of Claim.  The occurrence of the Effective Date shall operate to disallow and expunge any claims of any creditor who received actual notice of the Chapter 11 Case and that:  (a) were not listed on the Debtor's filed bankruptcy schedules and for which no proof of claim was filed on or prior to the Bar Date; (b) were listed on the Debtor's schedules as disputed, contingent or unliquidated, and for which no proof of claim was filed on or prior to the Bar Date; (c) are the subject of a proof of claim for a pre-petition claim that was filed after the Bar Date.

5.  Elimination of Vacant Classes.  Any class of claims that is not occupied as of the date of the commencement of the confirmation hearing by an Allowed claim or a claim temporarily Allowed under Fed. R. Bankr. P. 3018 shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class.

Debtor **Centuria Foods, Inc.**
_____
Name

Case number (*if known*) **21-50046-btb**

6.  <u>Plan Distributions.</u>  The Reorganized Debtor shall make all payments required under the Plan to creditors itself and directly.

7.  <u>Compensation of Subchapter V Trustee.</u>  The Subchapter V Trustee shall be entitled to reasonable compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred through the Effective Date of the Plan pursuant to and consistent with § 330(a)(1) of the Code.

8.  <u>Default Under Plan; Remedies.</u>  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as the Debtor is not in Material Default (as hereinafter defined) under the Plan.  In the event the Debtor fails to timely perform any of the obligations set forth in the Plan from and after the Effective Date, the applicable creditor or party-in-interest shall provide written notice thereof to <u>both</u> of the following:  the Debtor via email (c/o Slavik Nenaydokh:  sn@centuriafoods.com); and the Debtor's counsel via email (Matthew Zirzow: mzirzow@lzlawnv.com), of the default in writing in accordance with the notice provisions herein.  If the Debtor fails within fifteen (15) calendar days after the date of the email of the notice of default either: (i) to cure the default; (ii) to obtain from the Bankruptcy Court an extension of time to cure the default, which shall be given for good cause shown if the cure reasonably requires more than fifteen (15) days to cure and the Debtor initiates reasonable steps to begin such cure and completes all reasonable and necessary steps to cure sufficient to produce compliance as soon as reasonably practical; or (iii) to obtain from the Bankruptcy Court a determination that no default occurred, then Debtor is in "<u>Material Default</u>" under the Plan to all the members of the affected Class.  If the Debtor fails to timely cure the default as provided above, the applicable creditor shall be free to pursue any and all rights and remedies it may have under the contract(s) between the parties and/or applicable law, as modified by this Plan, and without further action by or proceedings before the Bankruptcy Court.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to chapter 7; or (ii) without further order of the Court has relief from automatic stay to the extent necessary, and may pursue its lawful remedies to enforce and collect the obligations owing to it under the Plan.

9.  <u>Arrowhead Property Sale Proceeds.</u>  If the Debtor's proposed sale of the remaining equipment at the Arrowhead Facility [ECF No. 68] is approved by final order of the Bankruptcy Court, and the Debtor is still retaining those sale proceeds as of the confirmation hearing on the Plan and has not disbursed them pursuant to prior Court order, then the Debtor shall continue to hold such proceeds in trust, and in a separate, segregated bank account, shall not be permitted to spend such funds, and shall only disburse such funds once the Bankruptcy Court approves such disposition pursuant to later order of the Court.  The Debtor's payment of such sale proceeds, if and when ordered by the Court, shall be credited against the payments the Debtor is required to make to the applicable creditors under this Plan.

10.  <u>Retained Litigation Claims.</u>  The Debtor shall retain any and all claims and causes of actions it has or could assert against any party, including but not limited to any and all claims or causes of action set forth in its filed bankruptcy schedules and statement of financial affairs [ECF Nos. 44 and 66], as may hereinafter be amended or supplemented.  Additionally, the Debtor also reserves any and all claims and causes of action against HTC, Inc. and arising out of or related to that certain Remediation, Distillation and Water-Soluble Processing Services Agreement with HTC dated 6/8/20.

11.  <u>Post-Confirmation Quarterly Reports.</u>  From and after the Effective Date, the Debtor shall file post-confirmation quarterly operating reports until the case is closed consistent with the *United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession* for Region 17.

12.  <u>Local Rule 3022 Inapplicable.</u>  Local Rule 3022 shall not apply to this Debtor or this Plan, and thus this Chapter 11 Case will not be deemed fully administered 180 days after Plan confirmation pursuant to that Local Rule, and thus the Clerk shall not enter a final decree without further notice pursuant to that Local Rule.

13.  <u>Procedure for Obtaining Discharge if Plan Confirmed Per 1191(b).</u>  If the Plan is confirmed pursuant to section 1191(b) of the Code, then after completing all required payments under the Plan, the Debtor may seek a discharge pursuant to § 1192 of the Code by filing a motion with the Bankruptcy Court that is noticed for hearing and served on all creditors and parties in interest, with an opportunity to object, together with a declaration certifying that all payments required under the Plan have been made.

14.  <u>Governing Law.</u>  Except to the extent that the Code or other federal law is applicable or as provided in the Plan, the rights, duties and obligations of the Debtor and any other person arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada without giving effect to Nevada's choice of law provisions.

15.  <u>Entire Agreement.</u>  The Plan and exhibits hereto set forth the entire agreement and understanding of the parties hereto relating to the subject matter hereof and supersede all prior discussions and documents.  No party hereto shall be bound by any terms, conditions, definitions, understandings or representations with respect to the subject matter hereof, other than as in expressly provided for herein or as may hereafter be agreed by the parties in writing.

***[Rest of page intentionally left blank; signature page follows]***

Debtor  **Centuria Foods, Inc.**                                     Case number (*if known*)  **21-50046-btb**
        <sub>Name</sub>

Respectfully submitted,

**X** */s/ Slavik Nenaydokh*
As President of Centuria Foods, Inc.
4022 Technology Way
Carson City, Nevada 89706
Tel:  (833) 213-41110
Email:  sn@centuriafoods.com

**X** */s/ Matthew C. Zirzow*
LARSON & ZIRZOW, LLC
MATTHEW C. ZIRZOW, ESQ., NV# 7222
E-mail: mzirzow@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Attorneys for Debtor


## EXHIBITS TO PLAN

**Exhibit 1:**     **Debtor's Liquidation Analysis**

**Exhibit 2:**     **Debtor's Income/Expense Projections for 5 Years**

# EXHIBIT 1

Case 21-50046-btb   Doc 92   Entered 03/13/21 15:06:20   Page 11 of 18

## LIQUIDATION ANALYSIS – CENTURIA FOODS, INC.

**ASSETS**

| Description | Net Liquidation Value | Hua/Waage Collateral | ANP Collateral | SBA Collateral | Unencumbered |
|---|---|---|---|---|---|
| General Equipment | $44,451.00 | $44,451.00 | | | |
| Production Equipment (prior to June 2019) | $161,058.00 | $161,058.00 | | | |
| Production Equipment (after June 2019) | $100,000.00 | Disputed | | Disputed | Disputed |
| Office Furniture & Office Equipment | $3,400.00 | $3,400.00 | | | |
| Research & Development Equipment | $8,299.00 | $8,299.00 | | | |
| Raw Materials | $7,500.00 | $7,500.00 | | | |
| Finished Goods | $8,500.00 | $8,500.00 | | | |
| ANP Collateral | $0.00 | | $0.00 | | |
| Accounts Receivable | $212,000.00 | $212,000.00 | | $153,128.42 | $58,871.58 |
| Cash on Hand | $51,856.00 | | | | $51,856.00 |
| Litigation Claims | Unknown | | | Unknown | |
| **Total Assets:** | **$597,064.00** | **$233,208.00** | **$0.00** | **$153,128.42** | **$110,727.58** |

**PAYMENT OF CLAIMS**

| Type of Claim | Recovery Amount Under Plan | Recovery % Under Plan | Recovery Amount in Liquidation | Recovery % in Liquidation |
|---|---|---|---|---|
| **Secured Claims** | | | | |
| Class 2 - Alina Hua | $207,692.31 | 100.00% | $53,824.41 | 25.92% |
| Class 3 - Chin Lin Hua | $276,923.08 | 100.00% | $71,758.10 | 25.91% |
| Class 4 - Christine Waage | $415,384.62 | 100.00% | $107,625.49 | 25.91% |
| Class 5 - American Nutritional Products, Inc. | Surrender | 100.00% | $0.00 | 0.00% |
| Class 6 - U.S. Small Business Administration (EIDL) | $43,860.00 | 100.00% | $212,000.00 | 100.00% |
| Class 7 - Other Secured Claims | N/A | N/A | N/A | N/A |
| **Total Secured Claims** | **$943,860.00** | | **$445,208.00** | |
| **Administrative Claims** | | | | |
| Theoretical Chapter 7 Trustee 326 Commission | N/A | N/A | $10,000.00 | 100.00% |
| Theoretical Chapter 7 Professional Fees & Expenses | N/A | N/A | $35,000.00 | 100.00% |
| Chapter 11 Professional Fees & Expenses | $64,000.00 | 100.00% | $64,000.00 | 100.00% |
| **Total Administrative Claims** | **$64,000.00** | **100.00%** | **$109,000.00** | |
| **Priority & Unclassified Claims** | | | | |
| Priority Tax Claims (Unclassified) | $2,400.00 | 100.00% | $2,400.00 | 100.00% |
| Class 1 - Priority Non-Tax Claims | N/A | N/A | N/A | N/A |
| **General Unsecured Claims** | | | | |
| Class 7 - General Unsecured Non-Priority Claims | $161,170.00 | 5.37% | $0.00 | 0.00% |
| Total Allowed Unsecured General Claims | $3,000,000.00 | | | |

# EXHIBIT 2

Case 21-50046-btb    Doc 92    Entered 03/13/21 15:06:20    Page 13 of 18

**Centuria Foods, Inc.**
**5-Year Plan Projections**

| | 1<br>Jun-21 | 2<br>Jul-21 | 3<br>Aug-21 | 4<br>Sep-21 | 5<br>Oct-21 | 6<br>Nov-21 | 7<br>Dec-21 | 8<br>Jan-22 | 9<br>Feb-22 | 10<br>Mar-22 | 11<br>Apr-22 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue** | $176,000 | $181,000 | $187,000 | $193,000 | $193,000 | $170,000 | $173,000 | $181,000 | $190,000 | $191,000 | $193,000 |
| Cost of Sales | $61,600 | $63,350 | $65,450 | $67,550 | $67,550 | $59,500 | $60,550 | $63,350 | $66,500 | $66,850 | $67,550 |
| **Gross Profit** | $114,400 | $117,650 | $121,550 | $125,450 | $125,450 | $110,500 | $112,450 | $117,650 | $123,500 | $124,150 | $125,450 |
| | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | |
| Accounting, Finance & Tax Fees | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Administrative Cost | $11,000 | $11,000 | $11,000 | $11,000 | $11,000 | $11,000 | $11,000 | $11,000 | $11,000 | $11,000 | $9,000 |
| Advertising/Marketing | $1,200 | $1,200 | $1,200 | $1,200 | $1,200 | $2,344 | $2,300 | $2,300 | $2,300 | $2,450 | $3,500 |
| Dues & Subcriptions | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Legal Fees | $10,000 | $10,000 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Payroll Expenses | $36,000 | $36,000 | $36,000 | $36,000 | $36,000 | $36,000 | $36,000 | $36,000 | $36,000 | $39,500 | $39,500 |
| Contingency Reserve | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $3,000 | $3,000 | $3,000 |
| Rent | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Repairs & Maintenance | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| Research & Development | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 |
| Travel | $1,600 | $1,400 | $1,700 | $1,700 | $1,700 | $3,000 | $6,000 | $7,500 | $7,500 | $7,500 | $7,500 |
| Utilities | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| **Total Expenses** | $93,300 | $93,100 | $90,900 | $90,900 | $90,900 | $93,344 | $96,300 | $97,800 | $100,800 | $104,450 | $103,500 |
| **Operating Profit** | $21,100 | $24,550 | $30,650 | $34,550 | $34,550 | $17,156 | $16,150 | $19,850 | $22,700 | $19,700 | $21,950 |
| | | | | | | | | | | | |
| **Plan Payments** | | | | | | | | | | | |
| Administrative Claims | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 |
| Classes 2-4: Hua/Waage | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Class 6: SBA - EIDL | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 |
| Subtotal Plan Payments | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 |
| | | | | | | | | | | | |
| Monthly Remainder | $1,369 | $4,819 | $10,919 | $14,819 | $14,819 | -$2,575 | -$3,581 | $119 | $2,969 | -$31 | $2,219 |
| Trailing Remainder (Before UCC) | $1,369 | $6,188 | $17,107 | $31,926 | $14,819 | $12,244 | $8,663 | $8,782 | $11,751 | $11,720 | $13,939 |
| | | | | | | | | | | | |
| Class 8: Unsecured Creditors | | | | | | | | | | | |
| | | | | | | | | | | | |
| **Breakdown - Hua/Waage** | | | | | | | | | | | |
| A. Hua ($75,000) 23.08% | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 |
| C.L. Hua ($100,000) 30.77% | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 |
| C. Waage ($150,000) 46.15% | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 |
| **Total** | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |

Case 21-50046-btb   Doc 92   Entered 03/13/21 15:06:20   Page 14 of 18

**Centuria Foods, Inc.**
**5-Year Plan Projections**

| | 12 May-22 | 13 Jun-22 | 14 Jul-22 | 15 Aug-22 | 16 Sep-22 | 17 Oct-22 | 18 Nov-22 | 19 Dec-22 | 20 Jan-23 | 21 Feb-23 | 22 Mar-23 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue** | $193,000 | $195,000 | $195,000 | $195,000 | $205,000 | $202,000 | $202,000 | $210,000 | $210,000 | $210,000 | $210,000 |
| Cost of Sales | $67,550 | $68,250 | $68,250 | $68,250 | $71,750 | $70,700 | $70,700 | $73,500 | $73,500 | $73,500 | $73,500 |
| **Gross Profit** | $125,450 | $126,750 | $126,750 | $126,750 | $133,250 | $131,300 | $131,300 | $136,500 | $136,500 | $136,500 | $136,500 |
| | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | |
| Accounting, Finance & Tax Fees | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Administrative Cost | $9,000 | $9,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Advertising/Marketing | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Dues & Subcriptions | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Legal Fees | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Payroll Expenses | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 |
| Contingency Reserve | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $6,000 | $7,500 | $7,500 |
| Rent | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Repairs & Maintenance | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| Research & Development | $8,500 | $8,500 | $8,500 | $8,500 | $12,500 | $12,500 | $12,500 | $12,500 | $12,500 | $14,000 | $14,000 |
| Travel | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Utilities | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| **Total Expenses** | $104,500 | $104,500 | $108,500 | $108,500 | $112,500 | $112,500 | $112,500 | $112,500 | $112,500 | $115,500 | $115,500 |
| **Operating Profit** | $20,950 | $22,250 | $18,250 | $18,250 | $20,750 | $18,800 | $18,800 | $24,000 | $24,000 | $21,000 | $21,000 |
| | | | | | | | | | | | |
| **Plan Payments** | | | | | | | | | | | |
| Administrative Claims | $4,000 | $4,000 | $4,000 | $4,000 | $4,000 | | | | | | |
| Classes 2-4: Hua/Waage | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Class 6: SBA - EIDL | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 |
| Subtotal Plan Payments | $19,731 | $19,731 | $19,731 | $19,731 | $19,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 |
| | | | | | | | | | | | |
| Monthly Remainder | $1,219 | $2,519 | -$1,481 | -$1,481 | $1,019 | $3,069 | $3,069 | $8,269 | $8,269 | $5,269 | $5,269 |
| Trailing Remainder (Before UCC) | $15,158 | $17,677 | $16,196 | $14,715 | $15,734 | $18,803 | $21,872 | $30,141 | $38,410 | $43,679 | $48,948 |
| | | | | | | | | | | | |
| Class 8: Unsecured Creditors | | | | | | | | | $16,117 | | |
| | | | | | | | | | | | |
| **Breakdown - Hua/Waage** | | | | | | | | | | | |
| A. Hua ($75,000) 23.08% | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 |
| C.L. Hua ($100,000) 30.77% | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 |
| C. Waage ($150,000) 46.15% | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 |
| **Total** | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |

**Centuria Foods, Inc.**
**5-Year Plan Projections**

| | 23<br>Apr-23 | 24<br>May-23 | 25<br>Jun-23 | 26<br>Jul-23 | 27<br>Aug-23 | 28<br>Sep-23 | 29<br>Oct-23 | 30<br>Nov-23 | 31<br>Dec-23 | 32<br>Jan-24 | 33<br>Feb-24 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue** | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 |
| Cost of Sales | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 |
| **Gross Profit** | $136,500 | $136,500 | $136,500 | $136,500 | $136,500 | $136,500 | $136,500 | $136,500 | $136,500 | $136,500 | $139,750 |
| **Expenses** | | | | | | | | | | | |
| Accounting, Finance & Tax Fees | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Administrative Cost | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Advertising/Marketing | $3,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 |
| Dues & Subcriptions | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Legal Fees | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Payroll Expenses | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $39,500 | $44,000 | $44,000 | $44,000 | $44,000 |
| Contingency Reserve | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Rent | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Repairs & Maintenance | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| Research & Development | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 |
| Travel | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Utilities | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| **Total Expenses** | $115,500 | $116,500 | $116,500 | $116,500 | $116,500 | $116,500 | $116,500 | $121,000 | $121,000 | $121,000 | $121,000 |
| **Operating Profit** | $21,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $20,000 | $15,500 | $15,500 | $15,500 | $18,750 |
| **Plan Payments** | | | | | | | | | | | |
| Administrative Claims | | | | | | | | | | | |
| Classes 2-4: Hua/Waage | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Class 6: SBA - EIDL | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 |
| Subtotal Plan Payments | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 |
| Monthly Remainder | $5,269 | $4,269 | $4,269 | $4,269 | $4,269 | $4,269 | $4,269 | -$231 | -$231 | -$231 | $3,019 |
| Trailing Remainder (Before UCC) | $54,217 | $58,486 | $62,755 | $67,024 | $71,293 | $75,562 | $79,831 | $79,600 | $79,369 | $79,138 | $82,157 |
| Class 8: Unsecured Creditors | | $16,117 | | | | $16,117 | | | | $16,117 | |
| **Breakdown - Hua/Waage** | | | | | | | | | | | |
| A. Hua ($75,000) 23.08% | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 |
| C.L. Hua ($100,000) 30.77% | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 |
| C. Waage ($150,000) 46.15% | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 |
| **Total** | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |

Case 21-50046-btb    Doc 92    Entered 03/13/21 15:06:20    Page 16 of 18

**Centuria Foods, Inc.**
**5-Year Plan Projections**

| | 34 Mar-24 | 35 Apr-24 | 36 May-24 | 37 Jun-24 | 38 Jul-24 | 39 Aug-24 | 40 Sep-24 | 41 Oct-24 | 42 Nov-24 | 43 Dec-24 | 44 Jan-25 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue** | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 | $210,000 |
| Cost of Sales | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 | $73,500 |
| **Gross Profit** | $139,750 | $139,750 | $139,750 | $136,500 | $139,750 | $139,750 | $139,750 | $139,750 | $136,500 | $139,750 | $139,750 |
| | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | |
| Accounting, Finance & Tax Fees | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Administrative Cost | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Advertising/Marketing | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 |
| Dues & Subcriptions | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Legal Fees | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Payroll Expenses | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 |
| Contingency Reserve | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Rent | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Repairs & Maintenance | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| Research & Development | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 |
| Travel | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Utilities | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| **Total Expenses** | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 |
| **Operating Profit** | $18,750 | $18,750 | $18,750 | $15,500 | $18,750 | $18,750 | $18,750 | $18,750 | $15,500 | $18,750 | $18,750 |
| | | | | | | | | | | | |
| **Plan Payments** | | | | | | | | | | | |
| Administrative Claims | | | | | | | | | | | |
| Classes 2-4: Hua/Waage | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Class 6: SBA - EIDL | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 |
| Subtotal Plan Payments | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 |
| | | | | | | | | | | | |
| Monthly Remainder | $3,019 | $3,019 | $3,019 | -$231 | $3,019 | $3,019 | $3,019 | $3,019 | -$231 | $3,019 | $3,019 |
| Trailing Remainder (Before UCC) | $85,176 | $88,195 | $91,214 | $90,983 | $94,002 | $97,021 | $100,040 | $103,059 | $102,828 | $105,847 | $108,866 |
| | | | | | | | | | | | |
| Class 8: Unsecured Creditors | | | $16,117 | | | | $16,117 | | | | $16,117 |
| | | | | | | | | | | | |
| **Breakdown - Hua/Waage** | | | | | | | | | | | |
| A. Hua ($75,000) 23.08% | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 |
| C.L. Hua ($100,000) 30.77% | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 |
| C. Waage ($150,000) 46.15% | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 |
| **Total** | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |

Case 21-50046-btb   Doc 92   Entered 03/13/21 15:06:20   Page 17 of 18

**Centuria Foods, Inc.**
5-Year Plan Projections

| | 45 Feb-25 | 46 Mar-25 | 47 Apr-25 | 48 May-25 | 49 Jun-25 | 50 Jul-25 | 51 Aug-25 | 52 Sep-25 | 53 Oct-25 | 54 Nov-25 | 55 Dec-25 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Revenue** | $210,000 | $210,000 | $210,000 | $220,000 | $220,000 | $220,000 | $220,000 | $220,000 | $220,000 | $220,000 | $220,000 |
| Cost of Sales | $73,500 | $73,500 | $73,500 | $77,000 | $77,000 | $77,000 | $77,000 | $77,000 | $77,000 | $77,000 | $77,000 |
| **Gross Profit** | $139,750 | $139,750 | $136,500 | $139,750 | $139,750 | $139,750 | $139,750 | $143,000 | $139,750 | $139,750 | $139,750 |
| | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | |
| Accounting, Finance & Tax Fees | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Administrative Cost | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Advertising/Marketing | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 |
| Dues & Subcriptions | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 |
| Legal Fees | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Payroll Expenses | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 |
| Contingency Reserve | $7,500 | $7,500 | $7,500 | $10,000 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 |
| Rent | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 |
| Repairs & Maintenance | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |
| Research & Development | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 |
| Travel | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| Utilities | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 |
| **Total Expenses** | $121,000 | $121,000 | $121,000 | $123,500 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 | $121,000 |
| **Operating Profit** | $18,750 | $18,750 | $15,500 | $16,250 | $18,750 | $18,750 | $18,750 | $22,000 | $18,750 | $18,750 | $18,750 |
| | | | | | | | | | | | |
| **Plan Payments** | | | | | | | | | | | |
| Administrative Claims | | | | | | | | | | | |
| Classes 2-4: Hua/Waage | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 |
| Class 6: SBA - EIDL | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 | $731 |
| Subtotal Plan Payments | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 |
| | | | | | | | | | | | |
| Monthly Remainder | $3,019 | $3,019 | -$231 | $519 | $3,019 | $3,019 | $3,019 | $6,269 | $3,019 | $3,019 | $3,019 |
| Trailing Remainder (Before UCC) | $111,885 | $114,904 | $114,673 | $115,192 | $118,211 | $121,230 | $124,249 | $130,518 | $133,537 | $136,556 | $139,575 |
| | | | | | | | | | | | |
| Class 8: Unsecured Creditors | | | | $16,117 | | | | $16,117 | | | |
| | | | | | | | | | | | |
| **Breakdown - Hua/Waage** | | | | | | | | | | | |
| A. Hua ($75,000) 23.08% | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 |
| C.L. Hua ($100,000) 30.77% | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 |
| C. Waage ($150,000) 46.15% | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 |
| **Total** | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |

**Centuria Foods, Inc.**
5-Year Plan Projections

| | 56 Jan-26 | 57 Feb-26 | 58 Mar-26 | 59 Apr-26 | 60 May-26 | Total |
|---|---|---|---|---|---|---|
| **Revenue** | $220,000 | $220,000 | $220,000 | $220,000 | $220,000 | **$12,365,000** |
| Cost of Sales | $77,000 | $77,000 | $77,000 | $77,000 | $77,000 | $4,327,750 |
| **Gross Profit** | **$139,750** | **$143,000** | **$139,750** | **$139,750** | **$143,000** | **$8,043,750** |
| | | | | | | |
| **Expenses** | | | | | | |
| Accounting, Finance & Tax Fees | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $180,000 |
| Administrative Cost | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $748,000 |
| Advertising/Marketing | $4,500 | $4,500 | $4,500 | $4,500 | $4,500 | $229,694 |
| Dues & Subcriptions | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $210,000 |
| Legal Fees | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $455,000 |
| Payroll Expenses | $44,000 | $44,000 | $44,000 | $44,000 | $44,000 | $2,478,000 |
| Contingency Reserve | $7,500 | $7,500 | $7,500 | $7,500 | $7,500 | $380,500 |
| Rent | $13,000 | $13,000 | $13,000 | $13,000 | $13,000 | $780,000 |
| Repairs & Maintenance | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $300,000 |
| Research & Development | $14,000 | $14,000 | $14,000 | $14,000 | $14,000 | $728,500 |
| Travel | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $173,100 |
| Utilities | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $180,000 |
| **Total Expenses** | **$121,000** | **$121,000** | **$121,000** | **$121,000** | **$121,000** | **$6,842,794** |
| **Operating Profit** | **$18,750** | **$22,000** | **$18,750** | **$18,750** | **$22,000** | **$1,200,956** |
| | | | | | | |
| **Plan Payments** | | | | | | |
| Administrative Claims | | | | | | $64,000 |
| Classes 2-4: Hua/Waage | $15,000 | $15,000 | $15,000 | $15,000 | $15,000 | $900,000 |
| Class 6: SBA - EIDL | $731 | $731 | $731 | $731 | $731 | $43,860 |
| Subtotal Plan Payments | $15,731 | $15,731 | $15,731 | $15,731 | $15,731 | $1,007,860 |
| | | | | | | |
| Monthly Remainder | $3,019 | $6,269 | $3,019 | $3,019 | $6,269 | |
| Trailing Remainder (Before UCC) | $142,594 | $148,863 | $151,882 | $154,901 | $161,170 | |
| | | | | | | |
| Class 8: Unsecured Creditors | $16,117 | $16,117 | $16,117 | $16,117 | $16,117 | $161,170 |
| | | | | | | |
| **Breakdown - Hua/Waage** | | | | | | |
| A. Hua ($75,000) 23.08% | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $3,461.54 | $207,692.31 |
| C.L. Hua ($100,000) 30.77% | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $4,615.38 | $276,923.08 |
| C. Waage ($150,000) 46.15% | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $6,923.08 | $415,384.62 |
| **Total** | **$15,000.00** | **$15,000.00** | **$15,000.00** | **$15,000.00** | **$15,000.00** | **$900,000.00** |

1  LARSON & ZIRZOW, LLC
   ZACHARIAH LARSON, ESQ.
2  Nevada Bar No. 7787
   E-mail: zlarson@lzlawnv.com
3  MATTHEW C. ZIRZOW, ESQ.
   Nevada Bar No. 7222
4  E-mail: mzirzow@lzlawnv.com
   850 E. Bonneville Ave.
5  Las Vegas, Nevada 89101
   Tel: (702) 382-1170
6  Fax: (702) 382-1169
7
8  Attorneys for Debtor
9
10              **UNITED STATES BANKRUPTCY COURT**
                       **DISTRICT OF NEVADA**
11
   In re:                          Case No. 21-50046-btb
12                                  Chapter 11
   CENTURIA FOODS, INC.,
13                                  Confirmation Hearing:
                Debtor.            Date:  May 11, 2021
14                                  Time:  2:00 p.m.
15
16        **NOTICE OF MODIFICATION TO DEBTOR'S**
          **CHAPTER 11 PLAN OF REORGANIZATION**
17
        **PLEASE TAKE NOTICE** that Centuria Foods, Inc., a Delaware corporation, as debtor
18
   and debtor in possession (the "Debtor"), filed its *[Proposed] Chapter 11 Plan of Reorganization*
19
   dated March 13, 2021 [ECF No. 92] (the "Plan").  Pursuant to Section 6.01 of the Plan, the
20
   Debtor has proposed to assume pursuant to 11 U.S.C. § 365 certain alleged executory contracts
21
   and unexpired leases, including without limitation, a Remediation, Distillation, and Water-
22
   Soluble Processing Services Agreement with HF Solutions LLC, a Colorado limited liability
23
   company, and HTC Inc., a Colorado corporation (the "HF/HTC Agreement").
24
        **PLEASE FURTHER TAKE NOTICE** that on March 17, 2021, the Bankruptcy Court
25
   entered an *Order Granting Debtor's Ex Parte Motion re: Fixing of Deadlines and Procedures in*
26
   *Subchapter V Case Relating to Proposed Chapter 11 Plan of Reorganization* [ECF No. 97],
27
   thereby scheduling, among other matters, certain deadlines for opposing confirmation of the
28
   Plan, including the proposed assumption or rejection of executory contracts and unexpired

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

leases, and the hearing to consider confirmation of the Debtor's Plan for May 11, 2021.

**PLEASE FURTHER TAKE NOTICE** that the Debtor hereby gives notice of a modification to its proposed Plan pursuant to 11 U.S.C. § 1193(a) as follows:  Section 6.01 is hereby amended to remove the HF/HTC Agreement from the list of executory contracts proposed to be assumed by the Debtor, thus resulting in the Debtor seeking to rejection of that Agreement pursuant to that same Section, subject to the terms and conditions of that Section.  All other terms and conditions of the Plan shall remain unaffected.

Dated:  March 26, 2021.

By:  ___/s/ Matthew C. Zirzow_____
LARSON & ZIRZOW, LLC
MATTHEW C. ZIRZOW, ESQ.
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2